Martin, J.
The plaintiff brought his action against Long and Walker, on their promissory note, and on his affidavit, that they were indebted to him $378 87 cents, bail being demanded from Walker, Cable, Brown and Johnson, executed a bond with him to the sheriff, as required by the 12th section of the act of 1805, C. 26. 1 Martin's Dig. 476. conditioned, that the defendant shall not de *362 part from the state without the leave of the court; or in case of departure without leave, that that the securities will be answerable and pay to the sheriff the amount of the final judgment, order or decree of the court. Judgment being had against Walker, and a ca. sa. duly returned, notice was given to Cable, and judgment being obtained, he appealed.
West'n District.
Sept. 1821.
His counsel assigns, as errors apparent on the record:—
1. That no law authorises it.
2. That the bond is not proven to have been endorsed by the sheriff.
3. That the defendant is only liable for one third of the debt.
4. That the breach of the condition is not proven.
I. The bond which has been taken, is that which is required by the act of 1805; the prerequisites of it are, that the plaintiff satisfy one of the judges, by oath, of the truth of his debt; and make oath further, that he verily believes that the defendant is about permanently to remove from the territory before judgment on the petition can be obtained, &c.; the law requires the assignment of this bond by the sheriff.
*363 On the oath annexed to the petition, in the present case, which is that required by the 10th section of the act of 1808, C. 16, a bond ought to have been taken, that in case the defendant shall be cast in the suit, he will pay and satisfy the condemnation of the court, or surrender himself in execution to the sheriff.
This bond is to be retained by the sheriff; and if the condition shall appear to have been broken, there shall be judgment on notice against the surety, for the amount of the judgment. Id. 484. There is nothing said of any assignment, and this court has lately determined that none is essentially required.
Admitting that the error committed in taking the bail prescribed by the act of 1805, under the oath prescribed by the act of 1808, is not fatal, the assignment of the bond is expressly required by law, and we cannot dispense with it.
The bond taken requires proof of the defendant's departure from the state; and it is only shewn that he cannot be found in the parish of Natchitoches.
These two objections appear to me fatal, and I think the judgment ought to be reversed, and ours must be for the defendant, as in *364 the case of a non-suit, with costs in both courts.
Bullard for the plaintiff, Mills for the defendant.